```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    EASTERN DIVISION
```

MAE H. JIMERSON                                          PLAINTIFF

v.              Civil Case No. 2:10CV00018 JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                  DEFENDANT

### ORDER

Pending is Plaintiff's Motion for Attorney's Fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (docket entry #22). In her motion, Plaintiff requests fees of $3,500 and expenses in the amount of $44.10. The Commissioner does not object to the amount requested (docket entry #25).

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statues such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Gates v. Barnhart, 325 F. Supp.2d 1342, 1349 (M.D. Fla. 2002) (where applicant failed to provide detail of charges, costs for certified mail charges not reimbursed).

Here, the Court does not find that the mere citation in the motion of how many hours were expended and the rate at which those hours were billed constitute an itemized statement with a detailed description of the subject matter of the work. Therefore, Plaintiff is hereby granted ten (10) days to supplement her EAJA petition with an itemized statement so that the Court can make a determination as to the reasonableness of the application.[1]

---

[1] EAJA has four pleading requirements: 1) the applicant must demonstrate that she is a "prevailing party;" 2) the applicant must demonstrate that she is eligible for an award; 3) the applicant must provide an itemized statement from an attorney or expert stating the actual time expended and the rate charged; and 4) the applicant must allege that the government's position was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).  The burden is on the applicant to establish eligibility for fees under the EAJA. While no circuit court has ruled that a lack of subject matter jurisdiction prohibits parties from supplementing a timely-filed EAJA application to "flesh out" the EAJA's pleading requirements, some district courts have held that courts lack subject matter jurisdiction to permit such supplementation. See United States v. Hopkins Dodge Sales, Inc., 707 F. Supp. 1078, 1081 (D. Minn. 1989).  One case has even held that only timely-filed applications that contain averments addressing each of the four pleading requirements can be supplemented; conversely, applications that completely fail to address one of the four requirements are jurisdictionally defective.  See Scarborough v. Principi, 273 F.3d 1087, 1091-92 (Fed. Cir. 2001).

From the undersigned's research, the Eighth Circuit Court of Appeals has determined that the EAJA's thirty-day limit for submitting a fee application is jurisdictional in nature. Welter v. Sullivan, 941 F.2d 674, 675 (8th Cir. 1991).  It is undisputed that Plaintiff's application here was timely filed. However, it is unclear in this Circuit whether a party may supplement a timely-filed EAJA application to meet the four pleading requirements. Of those jurisdictions that have considered the issue, the distinction has been made between the "filing requirement" and the "pleading requirement."  See Dunn v. United States, 775 F.2d 99, 104 (3rd Cir. 1985); United States v. True, 250 F.3d 410, 420 (6th Cir. 2001); Singleton v. Apfel, 231 F.3d

IT IS SO ORDERED this 11th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

853, 858 (11th Cir. 2000).  For purposes here, the Court will assume, without deciding, that it retains subject matter jurisdiction to permit applicants to supplement timely-filed fee applications.