```
         IN THE UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF ARKANSAS
                  EASTERN DIVISION
```

MAE H. JIMERSON                                          PLAINTIFF

v.                  Civil Case No. 2:10CV00018 JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                  DEFENDANT

### ORDER

Pending is Plaintiff's Motion for Attorney's Fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (docket entry #22). In her motion, Plaintiff requests fees of $3,500 and expenses in the amount of $44.10. The Commissioner does not object to the amount requested (docket entry #25).

Because the application did not contain an itemized statement, the Court granted Plaintiff ten (10) days to supplement her motion. Plaintiff has now submitted that supplementation (docket entry #27).

The EAJA provides that attorneys' fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Paralegals are to be compensated at the market rate. Missouri v. Jenkins, 491 U.S. 274, 289 (1989). An hourly rate of $75.00 is the prevailing market rate at this time. See Roberts v. Astrue, 2009

WL 5206699 (W.D. Ark. Dec. 29, 2009); Mullins v. Astrue, 2008 WL 1745287 (E.D. Ark. Apr. 11, 2008).

Plaintiff requests payment for 30 attorney hours, at a rate of $125 and expenses in the amount of $44.10, for a total of $3,544.10. However, Plaintiff's itemized statement shows 25.7 attorney hours, 2.3 paralegal hours, and $44.10 in expenses(docket entry 27-1). The paralegal hours are not entitled to compensation at the attorney rate of $125.00. Also, 11.3 attorney hours, 2.3 paralegal hours, and $41.39 in expenses occurred prior to the filing of the Complaint on December 9, 2009. Work performed prior to the time the Complaint was filed is not compensable. See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). Notwithstanding, the Court will allow 1.8 attorney hours, 0.7 paralegal hours, and $4.81 in expenses for this time period because some of the time submitted was clearly in preparation for the filing of the Complaint. Accordingly, 9.5 attorney hours and 1.6 paralegal hours must be deducted from the total compensable time sought by counsel, along with $36.58 in expenses.

Further, the 2.2 hours sought for preparation of the EAJA application, which in this case was incomplete, is excessive and the Court deducts 0.7 hours from the total compensable time sought by counsel. See Trammel v. Astrue, 2008 WL 4368626 (W.D. Ark. Sept. 19, 2008)(court deducted 0.50 paralegal hours from a sought total of 2.00 paralegal hours for the preparation of the EAJA

petition and brief because time sought found to be excessive). Finally, preparation of a letter to the U.S. Attorney and to the client can be performed by support staff.  See <u>Granville House, Inc. v. Department of HEW</u>, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). The Court will assume in this particular instance, however, that the lawyer's input was necessary, and award the 0.2 attorney hours.

Based on the above, the Court finds that counsel is entitled to compensation under the EAJA for: 15.5 attorney hours, at the hourly rate of $125, 0.7 paralegal hours at an hourly rate of $75, and expenses totaling $7.52, for a total award of $1,997.52

IT IS SO ORDERED this 19th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE